**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cr-00052-GMN-CWH-8 |
| vs. ) | |
| ) | **ORDER** |
| TORRENCE DOUGLAS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is *pro se* Defendant Torrence Douglas's ("Defendant") Motion for Judicial Recommendation for Maximum Residential Reentry Center Placement, (ECF No. 305). The Government did not file a response.

In his Motion, Defendant requests that the Court issue an order recommending to the Bureau of Prisons that Defendant be placed in a residential reentry center ("RRC") for nine months. (Mot. at 1). Defendant indicates that "[a] maximum amount of RRC time will help [Defendant] transition back into society," and secure a stable residence and economic resources. (*Id.*). Defendant further represents that he has been in custody since 2016 and his projected release date is September 25, 2020. (*See id.*).

Title 18 Section 3624(c) of the United States Code addresses the placement of a prisoner during the final portion of his sentence. It provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c). Federal law also provides that a sentencing court may make a recommendation that a prisoner serve a term of imprisonment in an RRC. 18 U.S.C. § 3621(b). But the recommendation has no binding effect. *Id.*

Here, Defendant maintains that he is currently pursuing his certification in paralegal studies; he has completed pre-sentencing and post-sentencing programs; he is set to enter program Credit 101 along with a non-residential drug abuse program; and he is a lead recycle tech in the Safety Division, receiving good work evaluations on a monthly basis. (Mot. at 2). In support of his Motion, Defendant submits exemplary grade reports from his paralegal certification program. (*Id.* at 7–12). Defendant further submits documentation evidencing positive work evaluations and Defendant's completion of several post-sentencing programs. (*Id.* at 5–6).

The Court finds that Defendant has shown that placement in an RRC for the final nine months of his sentence, if practicable, would ease his successful transition back into society. And given Defendant's demonstrated commitment to self-rehabilitation, Defendant appears to be an appropriate candidate for early RRC placement.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Judicial Recommendation for Maximum RRC Placement, (ECF No. 305), is **GRANTED**. The Court recommends that the Bureau of Prisons place Defendant in a residential reentry center for the last nine months of his sentence.

**DATED** this __10__ day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court