# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                          )<br>                        Plaintiff,         )<br>        vs.                                          )<br>                                                          )<br>TORRENCE DOUGLAS,                )<br>                                                          )<br>                        Defendant.      )<br>_____ ) | Case No.: 2:16-cr-00052-GMN-CWH<br><br>**ORDER** |

Pending before the Court is Defendant Torrence Douglas's ("Defendant's") Motion for Early Termination of Supervised Release, (ECF No. 361). The Government filed a Response, (ECF No. 365), opposing Defendant's Motion. (*See generally* Resp., ECF No. 365). The U.S. Probation Office filed a Recommendation Letter, indicating it defers to the Court to determine whether it should grant Defendant's Motion.

The Court incorporates the background information and procedural history of this case from the Government's Response. (*See* Resp. 1:21–25).

**I.      LEGAL STANDARD**

Under 18 U.S.C. § 3583(e)(1) a court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release" if such a termination "is warranted by the conduct of the defendant released and the interest of justice." When deciding whether to terminate a term of supervision, courts must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing

Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). However, a district court "need not tick off each of the relevant § 3553(a) factors to show that it has considered them." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008). The court need only provide "an explanation that would permit meaningful appellate review and justify the court's conclusion in light of the parties' nonfrivolous arguments and the legal standard." *United States v. Emmett*, 749 F.3d 817, 822 (9th Cir. 2014).

District Courts have broad discretion both to impose terms of supervised release and to terminate them. *See United States v. Harrop*, No. 1:16-cr-00093-BLW, 2021 WL 185496, at *1 (D. Idaho Jan. 19, 2021). The Defendant bears the burden of demonstrating that early termination of his supervised release is justified. *See United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

## II. DISCUSSION

Defendant argues the Court should terminate his supervised release because he satisfies the 18 U.S.C. § 3553(a) factors. (*See* Mot. Early Term. Super. Rel. ("Mot.") 2:1–5:11, ECF No. 361). Specifically, he asserts he is rehabilitated through continued employment and higher education. (*See id.* 3:24–5:11). The Government, however, responds that Defendant struggles with following the rules because he has contacted a convicted felon and helped him draft an early termination of supervised release motion. (Resp. 3:5–13).

Here, the Court is satisfied that early termination is warranted by the conduct of Defendant Douglas and in the interest of justice. Defendant has been on supervised release since August 19, 2020. (*See* Resp. 1:23–2:1). Since then, he has established a stable residence, pursued an Associate Degree in Criminal Justice at the College of Southern Nevada, gained

employment as a paralegal/legal assistant at his former counsel's law firm, and avoided arrest. (*Id.* 4:18–26); (Resp. 3:5).  In addition, his employer, Osvaldo E. Fumo, attests to the steps Defendant has taken to rehabilitate himself in a letter of support. (*See* Letter from Osvaldo E. Fumo, Ex. H to Mot., ECF No. 361).  The Court recognizes the severity of Defendant's offenses, and that he violated the terms of supervised release by contacting a felon.  However, Defendant has shown a commitment to do more than what is required to rehabilitate himself. *Cf. United States v. William*s, No. 2:12-cr-463-JCM-VCF, 2019 WL 5543057, at *5 (D. Nev. Oct. 25, 2019) (holding that more than mere compliance is required to justify early termination of supervised release).  Accordingly, Defendant has met his burden to demonstrate that the early termination of his supervised release is justified.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Torrence Douglas's Motion for Early Termination of Supervised Release, (ECF No. 361), is **GRANTED**.

Dated this __27__ day of June, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court